IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KELLY S. MAHNKE,

                                                           ORDER

                Plaintiff,

                                                        09-cv-408-vis

      v.

DANIEL GARRIGAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiff is proceeding on her claims that defendant Daniel Garrigan violated her Fourth and Fourteenth Amendment rights when he removed plaintiff's horse from her possession. Now, plaintiff has filed a motion for summary judgment, which must be denied at the outset for her failure to comply with this court's summary judgment procedures, a copy of which was sent to her with the magistrate judge's preliminary pretrial conference order entered on September 23, 2009.

      Plaintiff has filed a single document in which she lists proposed findings of fact and makes legal arguments and to which she has attached purported evidentiary materials. As the court's procedures make clear, a party's proposed findings of fact are to be set forth in a document separate from the party's legal arguments. In addition, to be admissible as

1

evidence, exhibits must be authenticated. This means they must be attached to an affidavit in which a person who has personal knowledge of what the exhibits are declares under penalty of perjury or swears under oath that the exhibits are true and correct copies of the documents they appear to be. For example, if plaintiff wants to submit copies of communications she had with the defendant, she should prepare an affidavit in which she declares under penalty of perjury that those exhibits (identified by the numbers she gave them) are true and correct copies of correspondence between her and the defendant sent on such and such a date. If plaintiff wants to submit a copy of veterinary records, she must obtain an affidavit from the custodian of the records in which the custodian declares under penalty of perjury or swears under oath that the records are true and correct copies of the horse's records maintained by the particular veterinary facility from which she got them.

Because plaintiff failed to comply with this court's summary judgment procedures and because none of her exhibits are admissible as evidence because they have not been authenticated, plaintiff's motion for summary judgment will be denied. I will extend the deadline for filing motions for summary judgment so that plaintiff may submit a revised motion that complies with the court's procedures and allow defendant an opportunity to file her own motion, if she so chooses. In the event that plaintiff has misplaced the procedures sent to her earlier, I am enclosing another copy to plaintiff with this order.

2

ORDER

IT IS ORDERED that plaintiff's motion for summary judgment, dkt. #25, is DENIED for her failure to file a motion that is in compliance with this court's procedures.

Further, IT IS ORDERED that the parties may have until April 6, 2010, in which to file dispositive motions in this matter.

Entered this 22nd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge